IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONICA M. GARNER and PETER H. GARNER,<br><br>Plaintiffs,<br><br>v.<br><br>EXELON GENERATION CORPORATION, LLC and BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendants. | Civil Action No. 5:21-cv-343 (BKS/ATB)<br><br>**DEFENDANT EXELON GENERATION COMPANY, LLC'S NOTICE OF REMOVAL** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Exelon Generation Company, LLC ("ExGen")[1] hereby gives notice of removal of this matter to the United States District Court for the Northern District of New York from the Supreme Court of the State of New York, County of Oswego. This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1441(a) over the claims in Plaintiffs Monica M. Garner and Peter H. Garner's ("Plaintiffs") Complaint pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e), as those claims are completely preempted by Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). Therefore, this Court has jurisdiction to hear Plaintiffs' claims under federal law. The Court also has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). In support of this Notice of Removal, ExGen states as follows:

---

[1] ExGen is improperly named "Exelon Generation Corporation, LLC" in the case caption of the Complaint.

**I.      EXGEN HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

1. On or about January 18, 2021, Plaintiffs commenced an action against Defendants ExGen and Blue Cross and Blue Shield of Illinois ("BCBS") (collectively, "Defendants"), entitled *Monica M. Garner, et al. v. Exelon Generation Corporation, LLC et al.*, Index No. EFC-2021-0067, in the Supreme Court of the State of New York, County of Oswego by filing a Complaint and Summons, attached hereto as Exhibit A.

2. On February 24, 2021, ExGen received service of the Complaint, attached hereto as Exhibit B. Plaintiffs and ExGen then executed and filed a stipulation extending the time for ExGen to move, answer, or respond to the Complaint up to and including April 6, 2021, which is attached hereto as Exhibit C.

3. No further processes, pleadings, or orders have been served on ExGen.

4. This action falls under the Court's original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1331 (diversity jurisdiction). As such, ExGen can remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant BCBS informed ExGen that it consents to removal.

5. This Notice of Removal is filed within thirty (30) days of service of the Complaint on ExGen on February 24, 2021 (*see* Ex. B), and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

6. Plaintiffs' state court action, which was commenced in the Supreme Court of the State of New York, County of Oswego, may be removed to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1446(a) because this is the federal district court which embraces the County of Oswego within its jurisdiction.

7. A copy of this Notice of Removal will be promptly served upon Plaintiffs and a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court for the State of New York, County of Oswego, pursuant to 28 U.S.C. § 1446(d).

8. If the question arises as to the propriety of the removal of this action, ExGen requests the opportunity to present further briefing in support of its position that this case is removable.

II.   **RELEVANT FACTS**

9. Plaintiff Peter H. Garner is a former employee of ExGen. Plaintiff Monica M. Garner is Peter Garner's spouse. Ex. A, Compl. ¶¶ 9, 11.

10. In the Complaint, Plaintiffs assert causes of action for (1) violations of N.Y. Ins. Law § 3217-a and N.Y. Pub. Health Law § 4408, (2) breach of contract, (3) violation of N.Y. Ins. Law § 2601, (4) unjust enrichment against BCBS, and (5) promissory estoppel, breach of contract and quasi contract against Defendants. Ex. A, Compl. ¶¶ 51-75.

11. Specifically, Plaintiffs allege that Defendants failed to inform Plaintiffs of benefit limitations that excluded Plaintiff Monica M. Garner from coverage under the Retiree Medical Plan of Constellation Energy Nuclear Group, LLC (the "Plan") and she is therefore entitled to benefits guaranteed under the Plan. *See, e.g.*, Ex. A, Compl. ¶¶ 10, 62, 64, 72, 76.

12. Exelon Corporation sponsors the Plan, which is designed to provide health benefits to certain ExGen retirees. BCBS is an administrative service provider to the Plan.

13. The Plan is an "employee welfare plan" covered by ERISA. *See* 29 U.S.C. § 1002(3).

14. Plaintiffs' request for relief seeks, among other things, benefits under the Plan: "Due to Defendant [ExGen's] omission in failing to inform Plaintiff of this exclusionary criteria, Defendant [ExGen] is in breach of contract for not providing benefits guaranteed in the

'Comprehensive Retiree Benefit Plan.'" *See* Ex. A, Compl. ¶ 62. Plaintiffs further seek a declaratory judgment from Defendants "compelling performance [of] contractual benefits justifiably and reasonably relied upon by Plaintiff Monica M. Garner under the Retirement Family PPO Plan." *See* Ex. A, Compl. ¶ 76.

**III.    FEDERAL QUESTION JURISDICTION**

15. ExGen removes this action pursuant to 28 U.S.C. § 1441(a) on the ground that the above-captioned matter is a civil action over which this Court possesses federal question jurisdiction under 28 U.S.C. § 1331.

16. As set forth in 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action is properly removed to this Court and the Court has federal question jurisdiction because Plaintiffs' causes of action are preempted by a federal statute, ERISA.

17. Congress enacted ERISA to ensure that benefit plan administration was subject to a single set of regulations and to avoid subjecting regulated entities to conflicting sources of substantive law. *See N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995).

18. ERISA included "expansive" preemption provisions, *see* 29 U.S.C. § 1144, "which are intended to ensure that employee benefit plan regulations would be exclusively a federal concern." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004).

19. ERISA's enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," and permits removal. *Aetna Health*, 542 U.S. at 209.

4

20. As the Supreme Court explained in *Metropolitan Life Ins. Co. v. Taylor*, "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court. . . . Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U. S. C. § 1331, and is removable to federal court by the defendants." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).

21. Plaintiffs' breach of contract and unjust enrichment claims are completely preempted by ERISA because they are within the scope of ERISA § 502(a)—ERISA's enforcement mechanism. The Plan's benefits are the source of payment to which Plaintiffs believe they are entitled, making this a colorable claim for benefits under § 502(a). *See Arditi v. Lighthouse Int'l*, 676 F.3d 294, 299 (2d Cir. 2012), *as amended* (Mar. 9, 2012) (affirming removal where ERISA plan was the basis for the claimed benefits); *see also Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield,* 6 F. Supp. 3d 275, 290 (E.D.N.Y. 2014) (explaining that removal was proper because plaintiff's breach of contract claim was within the scope of ERISA and completely preempted). As such, ExGen can remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22. The Court has supplemental jurisdiction over Plaintiffs' remaining causes of action because they are based on the same allegations as the ERISA claims, and thus the claims are "so related . . . that they form part of the same case or controversy." *See* 28 U.S.C. § 1367. In any event, the court only needs to identify a single claim that is preempted by ERISA in order to exercise subject matter jurisdiction over the entire case. *See Montefiore Med. Ctr. v. Teamsters Loc*. 272, 642 F.3d 321, 331 n.11 (2d Cir. 2011).

23. By filing a Notice of Removal in this matter, ExGen does not waive its right to assert any and all defenses and/or objections to the claims in this case.

## IV. DIVERSITY JURISDICTION

24. Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." In this matter, removal is appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Complete Diversity Of Citizenship Exists.

25. Upon information and belief, Plaintiffs are citizens of and reside in the State of New York. Ex. A, Compl. ¶¶ 1-2.

26. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.

27. ExGen was at the time of the commencement of this action, and is now, a Pennsylvania limited liability company, headquartered in Kennett Square, Pennsylvania.[2]

28. BCBS is a Division of Health Care Service Corporation ("HCSC"), an Illinois Mutual Legal Reserve Company. HCSC is an Illinois corporation with its principal place of business in Chicago, Illinois.

29. As Plaintiffs are citizens of New York and Defendants are citizens of Pennsylvania and Illinois, this action is between "citizens of different states." *See* 29 U.S.C. § 1332(a)(1).

---

[2] Exelon Corporation is the sole member of Exelon Generation Company, LLC. Exelon Corporation is a Pennsylvania corporation with its corporate headquarters and principal place of business in Chicago, Illinois. Accordingly, Exelon Generation Company, LLC is also a citizen of Pennsylvania and Illinois, because it is a limited liability company whose only member is incorporated in Pennsylvania and has its principal place of business in Illinois.

30. As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend et al.*, 559 U.S. 77 (2010).

**B.     The Amount In Controversy Requirement Is Satisfied.**

31. Because Plaintiffs do not expressly plead a specific amount of damages in the Complaint, ExGen must only show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

32. Although Plaintiffs' Complaint does not specify the precise amount of total damages sought, there is a reasonable probability that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. In the Complaint, Plaintiffs seek, for example, unspecified alleged (1) "performance of contractual benefits," (2) "payment to all healthcare institutions . . . rendering care to" Plaintiff Monica M. Gardner, (3) "consequential damages . . . above and beyond the policy limits," (4) attorneys' fees and costs, (5) and "other and further relief as the Court may deem just and proper." Ex A., Compl. ¶¶ 76-80.

33. In particular, Plaintiffs allege that, as of April 2020, "a total amount for $226,724.1" was the "outstanding balance due" to one of the healthcare institutions, and Plaintiffs seek "payment to all healthcare institutions." Ex. A., Compl. ¶¶ 47(m), 77.

34. If Plaintiffs were to prevail at trial on all their claims, there is a reasonable probability that these categories of damages would together exceed $75,000.[3]

---

[3] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiffs' Complaint. ExGen's reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. ExGen maintains that Plaintiffs' claims are without merit and that ExGen is not liable to Plaintiffs. ExGen specifically denies that Plaintiffs have suffered any damage or loss as a result of any act or omission by ExGen. No statement or reference contained in this Notice of Removal constitutes an admission of liability or a suggestion that

35. Accordingly, although ExGen expressly denies any liability to Plaintiffs, there is a reasonable probability that this action meets the jurisdictional amount required for removal based on diversity of citizenship under 28 U.S.C. § 1332(a).

WHEREFORE, ExGen respectfully requests that the above-captioned action pending in the Supreme Court of the State of New York, County of Oswego, be removed therefrom to this Court for further proceedings.

Dated:  March 25, 2021                                  Respectfully submitted,

    New York, New York                           **MORGAN, LEWIS & BOCKIUS LLP**

*s/ Michael J. Puma*
Michael J. Puma
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-5305
Fax: (215) 963-5001
michael.puma@morganlewis.com

*Attorney for Defendant*
*Exelon Generation Company, LLC*

---

Plaintiffs will or could recover any benefits or damages amounts based upon the allegations contained in the Complaint or otherwise.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2021, this document was filed through the ECF system and sent electronically to registered participants and paper copies were sent to non-registered parties by Federal Express:

| | |
|---|---|
| Robert F. Julian<br>Robert F. Julian, P.C.<br>2037 Genesee St.<br>Utica, NY 13501<br>(315) 797-5610<br>contact@rfjulian.com<br><br>*Attorney for Plaintiff* | Stephanie L. Poulos<br>Associate General Counsel<br>Health Care Service Corporation, a<br>Mutual Legal Reserve Company<br>300 East Randolph Street<br>Chicago, IL  60601<br>(312) 653-2027<br>stephanie_poulos@bcbsil.com<br><br>*Attorney for Blue Cross Blue Shield of Illinois* |

*s/ Michael J. Puma*
Michael J. Puma
